# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| **In the Matter of the Search of** ) | |
| ) | No. 4:23 MJ 9100 RHH |
| INFORMATION ASSOCIATED Profile name: ) | |
| nascar_dee; account 44780861524 | **FILED UNDER SEAL** |
| https://www.instagram.com/nascar_dee | |
| THAT IS STORED AT PREMISES CONTROLLED BY | SIGNED AND SUBMITTED TO THE COURT FOR FILING BY |
| META PLATFORMS, INC. d/b/a INSTAGRAM, LLC. | RELIABLE ELECTRONIC MEANS |

## APPLICATION FOR A SEARCH WARRANT

I,  Wesley McCormick , a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

**See Attachment A**

located in the   Northern   District of   California  , there is now concealed

**See Attachment B**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- xx  evidence of a crime;
- xx  contraband, fruits of crime, or other items illegally possessed;
- xx  property designed for use, intended for use, or used in committing a crime;
- ☐  a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title    Section | |
| Title 18, United States Code, Sections 2119 and 924(c) | |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

✓  Continued on the attached sheet.
☐  Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

I state under the penalty of perjury that the following is true and correct.

*W. McCormick*
*Applicant's signature*
Wesley McCormick, TFO, ATF
*Printed name and title*

Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.

Date:   May 12, 2023

*Judge's signature*

City and State:   St. Louis, Missouri     Honorable Rodney H. Holmes, U.S. Magistrate Judge
*Printed name and title*
AUSA:  Jennifer Szczucinski

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH nascar_dee; account 44780861524 https://www.instagram.com/nascar_dee THAT IS STORED AT PREMISES CONTROLLED BY META PLATFORMS, INC. d/b/a INSTAGRAM, LLC | No. 4:23 MJ 9100 RHH<br><br>**FILED UNDER SEAL**<br><br>SIGNED AND SUBMITTED TO THE COURT FOR FILING BY RELIABLE ELECTRONIC MEANS |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Wesley McCormick, a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) and Federal Criminal Procedure 41 for information associated with "nascar_dee" (the "Subject Account") that is stored at premises owned, maintained, controlled, or operated by Instagram, LLC, ("Instagram") a social-networking company owned by Meta Platforms, Inc. and headquartered in San Francisco, California. The information to be searched is described in the following paragraphs and in Attachment A. The requested warrant would require Instagram to disclose to the United States records and other information in its possession, including the contents of communications, pertaining to the subscriber or customer associated with the subject account as further described in Attachment B.

2. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since May 2022. I have been employed by the St. Louis

Metropolitan Police Department since October 2015.  I am currently assigned to ATF's St. Louis Group IV in the Kansas City Field Division, and I am responsible for investigating federal firearms violations and federal controlled substance violations.  I have conducted numerous investigations involving both the illegal narcotics and the criminal possession and use of firearms.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 2119 (carjacking) and 924(c) (brandishing a firearm in connection with crime of violence), have been committed by **JEREMIAH PEARSON, TYRELL COMBS**, **DAMORIEON SIMMS,** and juvenile suspects **M.L., T.C.,** and **D.V.**  There is also probable cause to search the information described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

## LOCATION TO BE SEARCHED

5. The location to be searched is:

User name: nascar_dee Instagram account: 44780861524 (hereinafter referred to as "**Subject Account**") located at https://www.instagram.com/nascar_dee, described in Attachment A.  The items to be reviewed and seized by the United States are described in Attachment Part II of Attachment B.

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated."

## BACKGROUND RELATING TO INSTAGRAM

7. The Internet is in part a computer communications network using interstate and foreign telephone and communication lines to transmit data streams, including data streams used to provide a means of communication from one computer to another and used to store, transfer and receive data and image files.

8. An "Internet Protocol" (IP) address is a unique series of numbers, separated by a period, that identifies each computer using, or connected to, the Internet over a network. An IP address permits a computer (or other digital device) to communicate with other devices via the Internet. The IP addresses aids in identifying the location of digital devices that are connected to the Internet so that they can be differentiated from other devices. As a mailing address allows a sender to mail a letter, a remote computer uses an IP address to communicate with other computers.

9. An "Internet Service Provider" (ISP) is an entity that provides access to the Internet to its subscribers.

10. The term "remote computing service" means the provision to the public of computer storage or processing services by means of an electronic communications system.

11. Instagram, LLC is a business and company that operates as a remote computing service, a provider of electronic communications services through ISPs.

12. From my review of publicly available information provided by Instagram about its service, including Instagram's "Privacy Policy," I am aware of the following about Instagram and about the information collected and retained by Instagram.

13. Instagram owns and operates a free-access social-networking website of the same name that can be accessed at http://www.instagram.com. Instagram allows its users to create their own profile pages, which can include a short biography, a photo of themselves, and other information. Users can access Instagram through the Instagram website or by using a special electronic application ("app") created by the company that allows users to access the service through a mobile device.

14. Instagram permits users to post photos to their profiles on Instagram and otherwise share photos with others on Instagram, as well as certain other social-media services, including Flickr, Facebook, and Twitter. When posting or sharing a photo on Instagram, a user can add to the photo: a caption; various "tags" that can be used to search for the photo (e.g., a user made add the tag #vw so that people interested in Volkswagen vehicles can search for and find the photo); location information; and other information. A user can also apply a variety of "filters" or other visual effects that modify the look of the posted photos. In addition, Instagram allows users to make comments on posted photos, including photos that the user posts or photos posted by other users of Instagram. Users can also "like" photos.

15. Upon creating an Instagram account, an Instagram user must create a unique Instagram username and an account password. This information is collected and maintained by Instagram.

16. Instagram asks users to provide basic identity and contact information upon registration and also allows users to provide additional identity information for their user profile. This information may include the user's full name, e-mail addresses, and phone numbers, as well as potentially other personal information provided directly by the user to Instagram. Once an account is created, users may also adjust various privacy and account settings for the account on Instagram. Instagram collects and maintains this information.

17. Instagram allows users to have "friends," which are other individuals with whom the user can share information without making the information public. Friends on Instagram may come from either contact lists maintained by the user, other third-party social media websites and information, or searches conducted by the user on Instagram profiles. Instagram collects and maintains this information.

18. Instagram also allows users to "follow" another user, which means that they receive updates about posts made by the other user. Users may also "unfollow" users, that is, stop following them or block the, which prevents the blocked user from following that user.

19. Instagram allow users to post and share various types of user content, including photos, videos, captions, comments, and other materials. Instagram collects and maintains user content that users post to Instagram or share through Instagram.

20. Instagram users may send photos and videos to select individuals or groups via Instagram Direct. Information sent via Instagram Direct does not appear in a user's feed, search history, or profile.

21. Users on Instagram may also search Instagram for other users or particular types of photos or other content.

22. For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app. Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP") address associated with the request, type of browser used, any referring/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

23. Instagram also collects and maintains "cookies," which are small text files containing a string of numbers that are placed on a user's computer or mobile device and that allows Instagram to collect information about how a user uses Instagram. For example, Instagram uses cookies to help users navigate between pages efficiently, to remember preferences, and to ensure advertisements are relevant to a user's interests.

24. Instagram also collects information on the particular devices used to access Instagram. In particular, Instagram may record "device identifiers," which includes data files and other information that may identify the particular electronic device that was used to access Instagram.

25. Instagram also collects other data associated with user content. For example, Instagram collects any "hashtags" associated with user content (i.e., keywords used), "geotags" that mark the location of a photo and which may include latitude and longitude information, comments on photos, and other information.

26. Instagram also may communicate with the user, by email or otherwise. Instagram collects and maintains copies of communications between Instagram and the user.

27. As explained herein, information stored in connection with an Instagram account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal

conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, an Instagram user's account activity, IP log, stored electronic communications, and other data retained by Instagram, can indicate who has used or controlled the Instagram account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, profile contact information, direct messaging logs, shared photos and videos, and captions (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the Instagram account at a relevant time.  Further, Instagram account activity can show how and when the account was accessed or used.  For example, as described herein, Instagram logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation.  Such information allows investigators to understand the geographic and chronological context of Instagram access, use, and events relating to the crime under investigation.  Additionally, Instagram builds geo-location into some of its services.  Geo-location allows, for example, users to "tag" their location in posts and Instagram "friends" to locate each other.  This geographic and timeline information may tend to either inculpate or exculpate the Instagram account owner.  Last, Instagram account activity may provide relevant insight into the Instagram account owner's state of mind as it relates to the offense under investigation.  For example, information on the Instagram account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or

consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

28. Based on the information above, the computers of Instagram are likely to contain all the material described above with respect to the Subject Account, including stored electronic communications and information concerning subscribers and their use of Instagram, such as account access information, which would include information such as the IP addresses and devices used to access the account, as well as other account information that might be used to identify the actual user or users of the account at particular times.

## PROBABLE CAUSE

29. On February 2, 2023, at approximately 10:12 PM, St. Louis Metropolitan Police Department (SLMPD) officers responded to a call for a carjacking that had occurred at 3706 Potomac, St. Louis, MO, located in the SLMPD's Second District. Officers met with the victim who advised he was unloading his vehicle, a blue 2012 Chevy Silverado, at 3706 Potomac when an unknown dark sedan parked next to his vehicle. Three unknown black males approached him with handguns and demanded his money and property. One of the black males struck the victim in the face with a pistol, causing him to stumble. The black males took the victim's vehicle keys from his hand. The black males entered the victim's vehicle and fled the scene followed by the dark sedan.

30. The victim described the three black males as being between eighteen to late twenties in age, wearing black hooded sweatshirts, and armed with black firearms.

31. Other SLMPD officers were on patrol in the College Hill Neighborhood in St. Louis, MO and heard radio broadcasts for several robberies that occurred that evening in SLMPD's Second District, including the aforementioned carjacking. The officers were aware

that there was a recent uptick in robberies in the Second District and that vehicles utilized in these crimes had been recovered in the College Hill Neighborhood. As a result, the officers were on high alert for the carjacked Chevy Silverado and dark sedan described as the suspect vehicle.

32. At approximately 10:16 PM, the officers observed the victim's Chevy Silverado and a gray Hyundai Elantra traveling northbound on Blair towards East Prairie. The officers attempted to stop the vehicles and a police pursuit ensued. The Chevy Silverado and the Hyundai Elantra separated and the officers elected to continue pursuing the Hyundai Elantra.

33. The Hyundai Elantra eventually became disabled in the rear of 4338 John Ave. Officers observed a black male, later identified as **TYRELL COMBS**, exit the front passenger's seat and flee westbound on foot. Officers then observed a black male, subsequently identified as **JEREMIAH PEARSON**, exit the front passenger's seat, following **COMBS**. Officers pursued **COMBS** and **PEARSON**. **PEARSON** was taken into custody at 4318 North Grand. While **PEARSON** was running from police, he was observed holding an object that was consistent with a firearm. When arrested **PEARSON** did not a have a firearm in his possession. During a canvass of the area where **PEARSON** was taken into custody, a firearm was located.

34. **COMBS** evaded police during the foot pursuit, so SLMPD Canine officers were requested to track **COMBS**, from the abandoned Hyundai Elantra. The track ultimately led officers to the front door of 2130 E. Desoto. A perimeter was established, and contact was made with a resident of the 2130 E. Desoto, who allowed officers to take **COMBS** into custody inside the residence.

35. **COMBS** had lacerations to his hands consistent with jumping metal fences and matched the physical appearance of the individual who fled from the Hyundai Elantra and

evaded officers. Officers noted that **COMBS** had changed his clothing since fleeing from the Hyundai Elantra.

36. Officers located the carjacked Chevy Silverado parked at 1520 E. Desoto, abandoned. 1520 E. Desoto is the street immediately behind E. Prairie. Due to the recent robberies, a portable police camera had been placed on E. Prairie watching 1907 E. Prairie, as subjects associated with those robberies were associated with/seen entering that residence. At 10:20 PM, the camera footage reflects two individuals walking to the front door of the residence at 1907 E. Prairie and entering the residence. The camera footage reflects the two subjects walked from the alley behind 1907 E. Prairie, in the direction from where the carjacked Chevy Silverado was located. Additionally, the subjects matched the description of the individuals who carjacked the victim's Chevy Silverado.

37. When **PEARSON** was taken into custody by officers his cell phone was taken as evidence. **PEARSON** consented to the contents of is cell phone to be searched. **PEARSON's** cell phone and the signed consent to search was relinquished to TFO McCormick.

38. On February 10, 2023, TFO McCormick and additional ATF personal executed a federal search warrant at 1907 E. Prairie, based on the above information. **D.V.** was located inside the residence. Also in the residence was clothing worn by suspects during the night of the carjacking, a firearm, and **D.V.'s** cellular phone, which was seized.

39. On February 15, 2023, TFO McCormick and ATF Special Agent (SA) Riley O'Brien conducted an interview with **PEARSON**. During the interview **PEARSON** admitted being involved in robberies leading up to the carjacking and being present at the carjacking. **PEARSON** also implicated **COMBS, DAMORIEON SIMMS,** and juvenile suspects **D.V., M.L.,** and **T.C.** as being involved in the carjacking and other robberies.

40. TFO McCormick obtained federal search warrants for **PEARSON, COMBS, SIMMS, M.L., and T.C.'s** Instagram accounts.

41. While conducting a search of the Instagram accounts TFO McCormick located numerous messages between the suspects and an Instagram user by the name "nascar_dee" under Instagram account 44780861524.

42. SA Riley O'Brien obtained a federal search warrant for **D.V.'s** cellular phone. During a review of the contents of **D.V.'s** cellular phone, it was determined that these suspects commonly communicated via Instagram and **D.V.** appeared to utilize the Instagram username "nascar_dee" (the **Subject Account**).

43. The **Subject Account** is listed as private, not allowing public to view images or videos. Based on the Instagram messages in **D.V.'s** cellular phone from the **Subject Account**, there is strong indicia that this account is controlled by **D.V.** and that he is responsible for the contents associated with it.

44. From my knowledge, training and experience, as well as discussions I have had with other agents, law enforcement, and personnel familiar with computer-related investigations, I know that it is common for individuals engaged in the criminal activities described herein to use social networking sites such as Instagram to communicate with one another and facilitate their criminal activities. Such communications and the facilitation of criminal activities include the use of these applications and electronic and stored data that would identify and describe: (a) other co-conspirators, aiders, and abettors who are participating in the illegal activities as well as the nature and scope of the illegal activities; (b) identify dates and locations where illegal activity has taken place or may take place in the future; (c) discussions concerning planning, operations, the transfer of information, concerning the illegal activities described herein as well as sharing

photographs, videos, documents, and files, (d) financial transactions and monetary transfers used to facilitate and continue criminal activities as well as the existence and location of records, bank accounts, and businesses pertaining to those activities;  (e) sales and purchases of equipment, materials, and goods used to aid the co-conspirators in their endeavors as well as the location and use of assets accumulated; (f) travel, safe-houses, and locations where goods, materials and personnel stay or are kept; and (g) the existence of other communication facilities, including telephones, computers, e-mail and other electronic accounts used to by co-conspirators to communicate.

45. Based on the foregoing, as well TFO McCormick's training and experience and that of other investigators and law enforcement personnel with whom TFO McCormick has consulted, it is believed that the **Subject Account** will contain evidence that **D.V.** has violated Title 18, United States Code, Sections 2119 (carjacking) and 924(c) (brandishing a firearm in connection with crime of violence).

### INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

46. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Instagram to disclose to the United States copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, United States-authorized persons will review that information to locate the items described in Section II of Attachment B.

### CONCLUSION

47. Based on the forgoing, I request that the Court issue the proposed search warrant. The United States will execute this warrant by serving the warrant on Instagram.  Because the

warrant will be served on Instagram, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

48. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

49. I further request that the Court order that all papers in support of this application, including the affidavit and warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

I state under the penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*W. McCormick*

Wesley McCormick
Task Force Officer
ATF

Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.on May __12__, 2023

The Honorable RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Instagram profile with username:

User name: nascar_dee Instagram account: 44780861524, located at https://www.instagram.com/nascar_dee

that is stored at premises owned, maintained, controlled, or operated by Instagram, LLC, a company that is owned by Meta Platforms, Inc. and headquartered in Menlo Park, California.

## ATTACHMENT B

## Particular Things to be Seized

**I.    Information to be disclosed by Instagram, LLC**

To the extent that the information described in Attachment A is within the possession, custody, or control of Instagram, LLC, including any messages, records, files, logs, or information that have been deleted but are still available to Instagram, LLC, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Instagram, LLC is required to disclose the following information, from January 1, 2023 to March 9, 2023, to the government for each account listed in Attachment A:

a. All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

b. All past and current usernames associated with the account;

c. The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d. All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

e. All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

f. All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

g. All communications or other messages sent or received by the account;

h. All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other;

i. All photographs and images in the user gallery for the account;

j. All location data associated with the account, including geotags;

k. All data and information that has been deleted by the user;

l. A list of all of the people that the user follows on Instagram and all people who are following the user (*i.e.*, the user's "following" list and "followers" list), as well as any friends of the user;

m. A list of all users that the account has "unfollowed" or blocked;

n. All privacy and account settings;

o. All records of searches performed by the account, including all past searches saved by the account;

p. All information about connections between the account and third-party websites and applications; and,

q. All records pertaining to communications between Instagram, LLC and any person regarding the user or the user's Instagram account, including contacts with support services, and all records of actions taken, including suspensions of the account.

**Instagram, LLC is hereby ordered to disclose the above information to the United States within 14 days of the date of this warrant.**

**II.    Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, Sections 2119 and 924(c) involving **JEREMIAH PEARSON, TYRELL COMBS**, **M.L., DAMORIEON SIMMS, T.C.,** and **D.V.** from January 1, 2023 to March 9, 2023, including, for each username identified on Attachment A, information pertaining to the following matters:

(a) Communications between **D.V.** and others in furtherance of the February 2, 2023 carjacking of the Chevy Silverado;

(b) Any records related to the February 2, 2023 carjacking of the Chevy Silverado;

(c) Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Instagram account owner;

(d) Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

(e) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(f) The identity of any person(s) who communicated with the Subject Account about matters relating to the February 2, 2023 carjacking of the Chevy Silverado, including records that help reveal their whereabouts.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Meta Platforms, Inc, (the parent company of Instagram, LLC), and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of Instagram, LLC. The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Instagram, LLC, and they were made by Instagram, LLC as a regular practice; and

b. such records were generated by Instagram, LLC's electronic process or system that produces an accurate result, to wit:

    1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Instagram, LLC in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by Instagram, LLC, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                                            Signature